## BENJAMIN BERMAN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield January 16, 1882.*

1. APPEAL—*when it will lie.* Where, on the trial of a complaint to bind one over to keep the peace, the defendant is discharged, and the justice of the peace renders judgment against the prosecutor for costs, on the ground that the complaint was malicious, the latter has the right to appeal to the circuit court from such judgment against him for the costs, he being a defendant as to that judgment.

2. SAME—*of the questions arising on such appeal.* In such case the defendant in the original proceeding can not be again tried. The appeal only presents the rightfulness of the judgment against the prosecutor for the costs of the original prosecution.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county.

Benjamin Berman made complaint before a justice of the peace against Benjamin F. Payne, charging him with threats against the person of the complainant. Payne was accordingly arrested upon a warrant in the name of The People, etc., brought before the justice, and tried, whereupon the justice found that the "case was commenced maliciously, and without probable cause," and entered judgment that Berman "pay the costs of the prosecution, and that *plaintiff's* have and recover judgment against him for the said costs, taxed at $43.80." From this judgment Berman appealed to the circuit court. That court, on motion, dismissed the appeal from the judgment of the justice of the peace, upon the ground that Berman had no right of appeal from such a judgment given by statute, and entered judgment against Berman, and in favor of Payne, for the costs incurred by Payne in the proceeding in the circuit court. From this judgment Berman

appealed, and on hearing, the judgment of the circuit court was affirmed in the Appellate Court for the Third District. To reverse this judgment of the Appellate Court, Berman brings the record here upon writ of error.

Messrs. TIPTON & RYAN, for the plaintiff in error, in support of the right to bring in review the judgment against him for costs, cited *Kimball* v. *Riter,* 25 Ill. 276; *Holliday* v. *Sugart,* 56 id. 44; *Reiman* v. *Ater et al.* 88 id. 300.

It could make no difference that the proceeding was in the name of the People against another person. *Huskins* v. *The People,* 82 Ill. 195; *Webster* v. *The People,* 14 id. 366.

Mr. JAMES MCCARTNEY, Attorney General, for the People, insisted there was no such right in the plaintiff in error. One who is not a party to a suit can not appeal. *Rorke* v. *Goldstein,* 86 Ill. 568. Sec. 329, chap. 38, Rev. Stat. excludes the plaintiff in error from the right of appeal.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This case presents the question whether an appeal to the circuit court will lie from the judgment of a justice of the peace for costs, rendered against the prosecuting witness, upon the trial of a cause instituted under div. 5 of our Criminal Code, to prevent a breach of the peace, upon the finding by such justice, under sec. 323, "that the prosecution was commenced maliciously, without probable cause."

The right of appeal is a statutory right, and can not be sustained unless provided by statute. The proceeding in question is authorized by div. 5 of chap. 38, Rev. Stat. 1874, wherein the jurisdiction to render such judgment is conferred upon justices of the peace. Jurisdiction in certain other criminal matters is conferred upon justices of the peace by div. 9, of the same chapter, and in sec. 389 (found in the latter division) it is provided, that "the defendant may appeal

from the judgment of the justice of the peace in criminal cases, to the circuit court." If this judgment be held to be in a criminal case, and if the party appealing be a "*defendant,*" the right to appeal is expressly given by this section.

The proceeding in question is of a dual character. The primary proceeding is against the person charged with threatening a breach of the peace. In *this* the People of the State of Illinois are plaintiffs, and the party so accused is the defendant. If he be discharged by the justice of the peace, another and secondary proceeding is authorized by this statute, in which the accuser in the primary proceeding becomes the accused in the secondary proceeding, charged with the offence of having instituted the primary proceeding "maliciously, without probable cause," and if found guilty of that offence is to be punished by a judgment against him for the amount of the costs in the whole proceeding. In this secondary proceeding, whatever may be the form of the entries, it is plain the People of the State of Illinois properly occupy the position of plaintiffs, and the prosecuting witness in the primary proceeding is the real defendant. The judgment rendered by the justice in this case is "that the complainant" in the primary proceeding, "Ben Berman, pay the costs of the prosecution, and that the plaintiffs" (the People) "have and recover judgment against him for the said costs, taxed at $43.80." Berman is clearly the defendant in this judgment, and if execution issued thereon, its appropriate form would be to collect a sum adjudged against him in a proceeding in which the People, etc., were plaintiffs, and the said Berman defendant. It is, in this regard, not unlike proceedings for contempt in chancery causes to enforce for a party some order of the court. Whatever the relation of the party charged with contempt may be to the chancery cause, he takes in the proceeding for contempt the position of defendant, against the People as plaintiffs.

In view of the real nature of this judgment, and in view of the general policy of our statutes as to appeals from final judgments rendered by justices of the peace, we can not doubt that the case comes within the terms of the statute, when properly construed. The circuit court, therefore, was in error in refusing to entertain the appeal. The question is asked, what is to be tried at the hearing in the circuit court? Certainly Payne is not to be tried again, for he was discharged by the justice, and no appeal lies to that judgment. The only question for the circuit court is, was the prosecution of Payne commenced by Berman "maliciously, without probable cause;" and the case ought to be entitled, "The People, etc. *v.* Berman, accused of malicious prosecution without probable cause."

The judgment of the Appellate Court is therefore reversed, and the cause remanded for further proceedings in accord with the views here expressed.

*Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in this case.